Judgment rendered November 17, 2021.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 54,059-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

JERMERA MARQUEZ MAYO                        Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 367583

Honorable Katherine Clark Dorroh, Judge

* * * * *

LOUISIANA APPELLATE PROJECT              Counsel for Appellant
By: Mary Constance Hanes

JERMERA MARQUEZ MAYO                     Pro Se


JAMES E. STEWART, SR.                    Counsel for Appellee
District Attorney

EDWIN L. BLEWER, III
TOMMY JAN JOHNSON
NANCY F. BERGER-SCHNEIDER
Assistant District Attorneys

* * * * *


Before MOORE, STONE, and HUNTER, JJ.

**STONE, J.,**

This criminal appeal arises from the First Judicial District Court, the Honorable Judge Katherine Dorroh presiding. The defendant, Jermera Marquez Mayo ("Mayo"), was charged with sexual battery of a victim under the age of 13 years. Mayo elected a bench trial, and was convicted as charged. The trial court sentenced him to 30 years of incarceration at hard labor with the first 25 years to be served without possibility of parole. Mayo now appeals, and asserts that the trial court erred: (1) in denying his motion to represent himself at trial; and (2) in removing him from the courtroom during the trial. For the reasons stated herein, we affirm Mayo's conviction and sentence.

## FACTS AND PROCEDURAL HISTORY

We decline to recite the factual details of Mayo's commission of the offense because they are unimportant to the issues presented on appeal.[1]

On the day trial was scheduled to begin, Mayo made an oral motion to represent himself (and later referred to his attorney as a "clown" who was trying to "railroad" him). The trial court believed that Mayo's oral motion was a veiled attempt to delay his trial, but still questioned Mayo to determine whether he was capable of representing himself. In colloquy with the court, he admitted that he had a GED as his highest formal education. The trial court denied Mayo's motion for self-representation. Mayo voiced his opinion that the ruling was "bullshit," and continually spoke out of turn, interrupting the attorneys, the judge, and the minute clerk alike.[2]

---

[1] However, we do note that a video recording of the victim's forensic interview at the Child Advocacy Center ("Gingerbread House") was introduced at trial.

[2] Additionally, throughout the proceedings, Mayo repeatedly addressed the trial judge as "Ms. Dorroh" despite being corrected

Slightly later in the proceedings, it became apparent that Mayo's purported alibi witness had not appeared to testify, despite having been subpoenaed. Mayo insisted that his counsel had improperly subpoenaed the witness; the trial court examined the subpoena, found that it was valid, and issued a writ of attachment for the witness. Mayo persisted in interrupting the colloquy between the judge and the attorneys, and eventually the trial court warned Mr. Mayo that he would be removed from the courtroom if he did not "calm down."

Mayo allowed the state to examine its first witness without disruption. However, he became disruptive yet again during the testimony of the State's second witness—the victim. The prosecution was questioning the witness regarding the details of Mayo's sexual battery of her, and Mayo screamed an objection that the prosecution was "leading" the witness. The court overruled his objection, and instructed Mayo to be quiet and allow his attorney to do his job. He disregarded the court's admonition, and continued assert that the prosecutor was leading the witness.

The court then advised Mayo that he would be removed from the trial if he did not refrain from disrupting the proceedings. The court recessed the trial, and had Mayo removed from the courtroom to give him a chance to compose himself. Upon resumption of the proceedings, the trial court stated that she could hear Mayo's screaming and yelling as she reentered the courtroom. The trial court again implored Mayo to settle down, and warned him that he would be removed from the trial if he continued to disrupt the proceedings. Mayo stated that he would not calm down, and would keep disrupting the proceedings. In this diatribe, he asked to be removed from the courtroom numerous times, and stated that he would not comply with the

2

court's instruction to stop yelling and disrupting the proceedings. The trial court had Mayo removed from the courtroom and again recessed the trial to allow defense counsel to speak with Mayo in another attempt to calm him. After a 10-minute recess, defense counsel returned and indicated that he had "no luck." At that point, the trial judge proceeded with the trial without Mayo in the courtroom. Afterwards, the trial judge took the matter under advisement and eventually rendered a guilty verdict.

**Self-representation**

The Sixth Amendment of the United States Constitution grants the defendant in a criminal prosecution the right to assistance of professional legal counsel for his defense against the charges. *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L. Ed. 2d 799 (1963). A defendant may waive the right to assistance of counsel and represent himself; to be valid, such a waiver must be knowingly, understandingly, and intelligently made. *State v. Conner,* 49,351 (La. App. 2 Cir. 11/19/14), 152 So. 3d 209. Courts must indulge every reasonable presumption against the waiver of counsel. *State v. Mingo*, 51,647 (La. App. 2 Cir. 9/27/17), 244 So. 3d 629, 639, *writ denied*, 2017-1894 (La. 6/1/18), 243 So. 3d 1064. However, an inappropriate denial of the right to self-representation is not subject to harmless error analysis. Rather, it is a structural error that requires automatic reversal. *McKaskle v. Wiggins*, 465 U.S. 168, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984).

We recently upheld a trial court's denial of a criminal defendant's motion to represent himself raised on the date set for trial in *State v. Mingo*, *supra*, wherein we stated:

> Once the trial date has arrived, the question of withdrawal of counsel rests with the discretion of the trial court, and the court's ruling will not be disturbed in the absence of a clear showing of an abuse of discretion. Generally, a defendant's request to represent himself may be properly denied if the defendant makes such a request for the first time immediately prior to trial. (Internal citations omitted).

In this case, the trial court did not abuse its discretion in denying Mayo's motion to represent himself. The transcript of the proceedings amply demonstrates that Mayo lacked the knowledge and the composure necessary to represent himself. This assignment of error lacks merit and is rejected.

**Removal from trial**

The Sixth Amendment to the United States Constitution grants a criminal defendant the right "to be confronted with the witnesses against him." Furthermore, in a felony trial, the defendant's presence is generally required at every important step in the proceedings. To that end, La. C.Cr.P. art. 831 states:

> [A] defendant charged with a felony shall be present at all of the following:
> …
> (4) At all times during the trial when the court is determining and ruling on the admissibility of evidence.
> (5) …[I]n trials without a jury, at all times when evidence is being adduced.
> (6) At the rendition of the verdict or judgment, unless he voluntarily absents himself.

However, La. C.Cr.P. art. 832 provides two exceptions to the defendant's right to be present:

> A. A defendant initially present for the commencement of trial shall not prevent the further progress of the trial, including the return of the verdict, and shall be considered to have waived his right to be present if his counsel is present…*and either* of the following occur:
> (1) He voluntarily absents himself after the trial has commenced, whether or not he has been informed by the court of his obligation to be present during the trial.

4

(2) After being warned by the court that disruptive conduct will cause him to be removed from the courtroom, he persists in conduct which justifies his exclusion from the courtroom. (Emphasis added).

The trial court's decision to proceed with trial without the presence of the defendant is subject to abuse of discretion review. *State v. Lewis*, 51,672 (La. App. 2 Cir. 11/15/17), 245 So. 3d 233.

Mayo emphatically refused to comply with the court's instruction for him to stop being disruptive in the trial. He repeatedly stated that he would continue to disrupt the trial, and requested numerous times that the trial court remove him from the courtroom. The trial court did not abuse its discretion in removing Mayo from the trial. This assignment of error is rejected.

We have reviewed the entire record and found no errors patent.

## CONCLUSION

Mayo's conviction and sentence are **AFFIRMED.**